# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BETTY ANN BROUSSARD**                          **CIVIL ACTION**

**VERSUS**                                       **NO:  20-836**

**HUNTINGTON INGALLS, INC., ET AL**              **SECTION: "S" (5)**

## ORDER AND REASONS

   **IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 7) is

**DENIED**.

## I. BACKGROUND

   Plaintiff, Betty Ann Broussard, was diagnosed with mesothelioma in May 2018. On July

6, 2018, Broussard filed suit in the Civil District Court for the Parish of Orleans, alleging that

she was exposed to asbestos through, <u>inter alia</u>, laundering the clothes of her ex-husband,

Kenneth Guilbeau, Sr., who worked around asbestos dust while employed by several different

companies, including Avondale Shipyard. She asserted claims against Avondale[1] solely for

negligence, specifically alleging that "[r]elative to asbestos dust exposures from Avondale

Shipyards, Petitioner alleges against Avondale and the Avondale Executive Officers **only**

negligent failure to adopt adequate safety measures that would have prevented the injuries upon

---

   [1] "Avondale" as used herein refers collectively to the following defendants, who have
filed the opposition to the instant motion to remand: Huntington Ingalls Incorporated (f/k/a
Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a
Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.), Albert L. Bossier, Jr., and
Lamorak Insurance Company.

which this Petition is based." Petition, ¶ 10 (emphasis in original). Broussard died on November 25, 2018, and her children, Elizabeth and Edward Guilbeau, were substituted as plaintiffs in this case.

On September 12, 2018, Broussard produced her "Master Discovery Responses." The responses included copies of two depositions given by Kenneth Guilbeau, Sr. in September 2003. In these depositions Guilbeau testified, inter alia, that he worked on two government ships for the Navy, and that he believed he was exposed to asbestos while doing the Navy work.[2] Subsequently, it was learned through payroll records that the two ships he worked on were the USS MONTANA and the USS IDAHO.[3] The ships were built at Avondale for the States Steamship Company.[4]

Avondale has submitted affidavits and deposition testimony[5] reflecting that the States Steamship vessels Guilbeau worked on were constructed by Avondale for States Lines pursuant to contracts with the United States government, specifically, the United States Maritime Administration ("MARAD"). The contracts established the mandatory terms, conditions, and specifications, which were imposed on Avondale by the Navy. The design specifications incorporated into the contracts mandated the use of asbestos-containing materials, and Avondale

---

[2] Rec. Doc. 7-2, pp. 159-60.

[3] Rec. Doc. 7-3.

[4] Rec. Doc. 7-4.

[5] Rec. Doc. 12-2, Affidavit of Christopher P. Herfel; Rec. Doc. 12-3, Depo. of Felix Albert; Rec. Doc. 12-4, Affidavit of Danny Joyce; Rec. Doc. 12-6, Depo. of Edward Blanchard.

built the vessels using asbestos-containing materials. Federal inspectors oversaw the handling of construction materials and monitored the care of those products at Avondale until they were installed on the vessels, and inspectors from the Coast Guard and the Navy oversaw and monitored the construction of the vessels on a day-to-day and job-specific basis. Avondale was required to provide the federal inspectors with office space and other facilities within the shipyard. The evidence submitted by Avondale reflects that the shipbuilding process, including the use and application of asbestos-containing materials, was monitored and controlled by Navy and Coast Guard inspectors and other representatives of the United States government.

On February 24, 2020, the Fifth Circuit issued its en banc decision in Latiolais v. Huntington Ingalls, Inc., which overruled prior precedent and held that Avondale was entitled to remove a negligence case filed by a former Navy machinist because of his exposure to asbestos while the Navy's ship was being repaired at the Avondale shipyard under a federal contract. 951 F.3d 286, 289 (5th Cir. 2020). Specifically, the Latiolais court found that to remove a case, a defendant need not establish a "causal nexus" between the defendant's actions under color of federal office and the plaintiff's claims, but rather, a defendant need show only that the charged conduct "is connected or associated with an act pursuant to federal officer's directions." Id. at 296.

On March 10, 2020, defendants removed this matter to federal court. The removal was based on their contention that the Latiolais decision constituted an "order or other paper" making the matter removable for the first time. They posit that until the Latiolais ruling, binding Fifth Circuit precedent precluded a removal of the action stating negligence claims against Avondale.

However, they contend that post-<u>Latiolais</u>, they can demonstrate the requirements for federal officer removal.

Plaintiffs have filed the instant motion to remand raising both procedural and substantive arguments. On the procedural front, they argue that the removal is untimely, because it should have been accomplished within 30 days of the September 12, 2018 providing of Guilbeau's deposition, which contains the facts upon which Avondale relies to remove. Plantiffs further argue that defendants' rationale for failing to remand at that time, namely, that binding Fifth Circuit precedent prevented it, is disingenuous, because Avondale removed 29 cases in a similar posture prior to <u>Latiolais</u>. Plaintiffs also contend that Avondale was aware that the matter was removable at that time, but declined to do so in order to experiment in state court to determine whether it would be a better forum, and that this impermissible "experimentation" results in a waiver of the defendant's right to remove. Plaintiffs' final procedural argument is that the <u>Latiolais</u> decision is not an "order" or "other paper" for purposes of 1446(b)(3).

Substantively, plaintiffs argue that there is no factual predicate for a 28 U.S.C. § 1442 removal action, because the ships Guilbeau worked on were not Navy ships, but rather built by the States Steamship Company, and thus there was no action under color of federal office upon which to base federal officer removal, nor is there any colorable federal defense.

## II. DISCUSSION

### A. *Legal Standards*

The Federal Officer Removal Statute, codified at Title 28 U.S.C., section 1442, provides in pertinent part:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity for or relating to any act under color of such office....

Under the Fifth Circuit's recent ruling in Latiolais, "to remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. 951 F.3d 286, 296.

While the defendant still has the burden of establishing the existence of federal jurisdiction, "'[f]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited.' " Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400 (5th Cir. 2018) (overruled on other grounds) (quoting State v. Kleinert, 855 F.3d 305, 311 (5th Cir. 2017). "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." Latiolais, 951 F.3d at 290. And, while generally speaking, federal courts resolve doubts about removal in favor of remand, that presumption does not apply in federal officer removal cases. Savoie v. Huntington Ingalls, Inc., 817 F.3d 457, 462 (5th Cir. 2016)(overruled on other grounds).

The time limits set forth in 28 U.S.C. §1446(b) apply to removals under § 1442(a)(1). See

5

Morgan v. Huntington Ingalls, Inc., 879 F.3d 602, 607 (5th Cir. 2018). In general, a civil action must be removed within 30 days of the defendant's receipt of a copy of the initial pleading "setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). However, in cases where the time limit set forth in § 1446(b)(1) is not triggered by the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order or other paper** from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3) (emphasis added).

## B.   *Procedural Arguments*

### *1. The Latiolais decision constitutes an "order" for purposes of 1446(b)(3)*

Defendants contend that the Latiolais decision constitutes the "order or other paper" that made this case removable. Plaintiffs, in contrast, contend that it is not, because a ruling in an unrelated case is not an "order" as contemplated by the removal statute.[6]

Plaintiffs are correct that decisions in unrelated cases are generally not considered "orders" under § 1446(b)(3) and thus are not grounds for removal. Green, 274 F.3d at 266

---

[6] For the first time in their Reply, plaintiffs argued that Avondale waived this argument, because in the Notice of Removal they characterized the Latiolais opinion as an "other paper", rather than an "order", and Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 266 (5th Cir. 2001), relied upon by Avondale, applies only to orders. In fact, Avondale used both terms, stating that "the Fifth Circuit's en banc **order** in Latiolais v. Huntington Ingalls, Inc., ... on February 24, 2020, ... is the first "**other paper**" the Avondale Interests received making Plaintiffs' negligence suit removable to federal court. Notice of Removal ¶ 11 (emphasis added).

(citations omitted). However, in <u>Green</u>, the Fifth Circuit carved out a narrow exception to this rule, holding an order in another case can be an "order" under section 1446(b)(3) when the two cases involve (1) the same defendants, (2) a similar factual situation, and (3) the decision resolves a legal issue that has effect of making the case removable. 274 F.3d at 267-68 (citing <u>Doe v. American Red Cross</u>, 14 F.3d 196 (3d Cir. 1993)).

The <u>Green</u> exception is met in this case. Avondale is a defendant in both the instant case and <u>Latiolais</u>, and both cases present negligence claims against Avondale for its alleged failure to warn of asbestos hazards on vessels constructed for the United States government. <u>Latiolais</u> resolved the identical question before the court here, removability of asbestos-related negligence claims under the federal officer removal statute. Thus, the court finds that the <u>en banc</u> decision in <u>Latiolais</u> is an "order" under § 1446(b)(3).

## 2.   *The instant matter was not removable until the <u>en banc</u> decision in <u>Latiolais</u>*

Plaintiffs also argue that this matter first became removable in September of 2018 when Avondale received discovery responses reflecting Guilbeau's belief that he worked on Navy vessels, and thus the March 10, 2020 removal was too late. As a recent decision in this district has held, while a deposition transcript clearly constitutes "other paper," for purposes of § 1446(b)(3), it does not trigger the removal clock if at the time it was produced "it was not 'unequivocally clear and certain' that the case had become removable." <u>Bourgeois v. Huntington Ingalls Inc.</u>, 2020 WL 2488026, at *3 (E.D. La. May 14, 2020)(quoting <u>Morgan</u>, 879 F.3d at 609). When Guilbeau's deposition testimony was provided in September of 2018, it was not "unequivocally clear and certain" that this case had become removable, because at that time,

prior to the Fifth Circuit's February 24, 2020 en banc opinion in Latiolais, a defendant removing a case under § 1442(a)(1) had to show, inter alia, a causal nexus element, which in asbestos-exposure cases was "'met when a plaintiff seeks to recover from a government contractor on a theory of strict liability but is absent when the theory of recovery is restricted to negligence.'" Id. (quoting Parfait v. Huntington Ingalls Inc., 2019 WL 4297912, at *4 (E.D. La. Sept. 11, 2019)).

Thus, until the legal landscape changed due to Latiolais, any attempt to remove this matter would have been a disfavored protective removal,[7] because the courts were bound by circuit precedent to require a causal nexus. Indeed, the undersigned has previously remanded a similar case on this basis while acknowledging that the Fifth Circuit's precedent rested on the pre-2011 version of the statute, recognizing that pursuant to the "rule of orderliness, under which a panel may not overturn a controlling precedent absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or our en banc court," its precedent controlled, and "Avondale must show a causal connection between the federal officer's direction and the conduct challenged by the" plaintiff. Brown v. Avondale Indus., Inc., 2018 WL 2932233, at *3 (E.D. La. June 12, 2018)(quoting Legendre v. Huntington Ingalls, Inc., 885 F.3d 398, 400, 403-04 (5th Cir. 2018).

Because prior to the Fifth Circuit's ruling in Latiolais no valid legal basis existed for the removal of this matter under the law of this circuit, the court finds that this matter did not become removable until the February 24, 2020 en banc opinion in Latiolais, and the notice of

---

[7] See Morgan, 879 F.3d at 610 (noting that reducing protective removals and discouraging removals before their factual basis can be proven promotes both the purpose of § 1446 and judicial economy).

removal filed on March 10, 2020 was timely.[8]

Accordingly, the court finds that neither untimeliness nor any other procedural bar prevents the removal of this action.

**B.    *Factual basis for federal jurisdiction***

***1. Avondale was "acting under" the United States Maritime Administration***

Plaintiffs argue that even if timely, this matter is not removable because the factual basis required for the federal officer removal statute is not present. Specifically, plaintiffs contend that the vessels Kenneth Guilbeau worked on were not Navy vessels, but were built by States Steamship Company, a private company. Thus, plaintiffs argue there was no federal actor or action pursuant to a federal officer's direction to premise removal upon, nor any basis for a colorable federal defense.

In response, Avondale contends that Guilbeau testified that he worked on naval vessels, and fact issues related to federal officer removal cannot be decided on a remand motion. Alternatively, Avondale argues that even if Guilbeau worked only on States Lines vessels, those vessels were built pursuant to a government contract with the United States Maritime Administration ("MARAD") and thus Avondale was "acting under" MARAD when constructing the vessels allowing federal officer removal.

The words "acting under" in the federal officer removal statute "are broad, and [the Supreme] Court has made clear that the statute must be 'liberally construed.'" <u>Watson v. Philip</u>

---

[8] Because Avondale was previously prevented from removing this matter due to circuit-level authority, the court concludes that Avondale did not delay removing this matter so it could experiment in state court.

Morris Companies, Inc., 551 U.S. 142, 147 (2007)(quoting Colorado v. Symes, 286 U.S. 510, 517, (1932)(other citations omitted). The federal officer removal statute "applies to private persons who 'lawfully assist' the federal officer 'in the performance of his official duty.'" Watson, 551 U.S. 142, 151 (quoting Davis v. South Carolina, 107 U.S. 597, 600 (1883)(other citations omitted). In this context, the "acting under" requirement contemplates a situation where a private party acts under the "subjection, guidance, or control" of a federal officer or agency in "an effort to assist, or to help carry out, the duties or tasks of th[at] federal superior." Watson, 551 U.S. at 151-152. Under this standard, numerous courts have found that the requirement is satisfied where a plaintiff's allegations are directed at a private entity's actions undertaken while executing a contractual duty to produce an item for the federal government which, absent a contract with a private firm, the government would have been forced to produce on its own. See, e.g., Zeringue v. Crane Co., 846 F.3d 785, 792 (5th Cir. 2017); Papp v. Fore-Kast Sales Co., Inc., 842 F.3d 805, 812-13 (3d Cir. 2016); Ruppel v. CBS Corp., 701 F.3d 1176, 1181 (7th Cir. 2012); Sawyer v. Foster Wheeler LLC, 860 F.3d 249, 255 (4th Cir. 2017); Isaacson v. Dow Chemical Co., 517 F.3d 129, 137 (2d Cir. 2008).

Moreover, the Fifth Circuit has found that building a ship under a contract with MARAD is "acting under" the color of federal authority in the context of federal contractor immunity, because in doing so, the contractor "is helping the Government to produce an item that it needs ... [or is] perform[ing] a job that, in the absence of a contract with a private firm, the Government itself would have had to perform." Wilde v. Huntington Ingalls, Inc., 616 F. App'x 710, 713 (5th Cir. 2015) (citing Watson, 551 U.S. at 153–54 (2007)).

10

When a defendant asserts federal officer removal jurisdiction, the Supreme Court has recognized that courts must "credit the [defendant's] theory of the case for purposes of [the]...jurisdictional inquiry." Jefferson Cty., Ala. v. Acker, 527 U.S. 423, 432 (1999).[9]

In its notice of removal, Avondale avers that when it allegedly exposed Guilbeau to asbestos, it was producing ships pursuant to a Navy contract. As in Wilde, "[p]resumably, the federal government would have had to build those ships had [Avondale] not done so, and so it meets this part of the test." Wilde, 616 F. App'x at 713.

Avondale's notice of removal states that Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when they built the vessels Guilbeau worked on, because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself have had to perform: building ships "used to help conduct a war" and to further other national interests.[10] Avondale further

---

[9] Jefferson County involved a removal under 28 U.S.C. § 1442(a)(3), the subsection that applies to judicial officers of the United States, but it provides for removal rights analogous to those in the instant case under subsection (a)(1).

[10] Notice of Removal, ¶ 14. Plaintiffs also argued in their Reply that Avondale had waived any argument based on Avondale's government contractor relationship with MARAD because Avondale did not specifically refer to it in the Notice of Removal. However, "detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which its jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal." 14C Wright & Miller, FED. PRAC. & PROC. § 3733 (Rev. 4th ed.)(citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)(in context of diversity removal, only a "plausible" allegation of amount in controversy is required)). Avondale's Notice of Removal stated that "Avondale Interests were "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when they built the Destroyer Escorts for the United States Navy because the United States government contracted with Avondale to perform a task that the federal government otherwise would itself

avers that the vessels "were being built by Avondale under the detailed supervision and control

of one or more officers of the United States. . . . [and] that Broussard was injured due, in part, to

asbestos-containing products allegedly installed aboard ships built pursuant to contracts with the

U.S. Navy."[11] Avondale has sufficiently averred the facts required to meet the "acting under"

prong of the test for federal officer removal.

### 2. *Avondale has asserted a colorable federal defense*

In its Notice of Removal, Avondale has raised a federal defense by invoking the

jurisprudential doctrine of government contractor immunity established by Boyle v. United

Techs. Corp., 487 U.S.500 (1988) and its progeny. Boyle "provides immunity to contractors for

conduct that complies with the specifications of a federal contract." Crutchfield v. Sewerage &

Water Bd. of New Orleans, 829 F. 3d 370, 375 (citing Boyle). In Latiolais, the Fifth Circuit

found that Avondale's Boyle defense was colorable. 951 F.3d at 296-98. This court finds that in

the present case Avondale's Boyle defense is also colorable because, as in Latiolais, it is not

"wholly insubstantial and frivolous."

Avondale has submitted evidence showing that the federal government approved

reasonably precise specifications for the construction of ships on which Guilbeau worked,[12] that

---

have had to perform—namely, to build ships 'used to help conduct a war' and to further other
national interests." Notice of Removal, ¶ 14. This allegation adequately apprises the court that
removal jurisdiction is premised on the federal officer removal statute.

[11]Notice of Removal, ¶ 7.

[12] Rec. Doc. 12-2, Affidavit of Christopher Herfel; Rec. Doc. 12-3, Depo. of Felix Albert.

12

they complied with those specifications,[13] and that the government had superior knowledge regarding the asbestos-related hazards and appropriate safety measures.[14]

The court notes that in their reply memorandum, plaintiffs argue that Avondale has not stated a colorable federal defense because they have not produced a copy of a contract between Avdondale, MARAD, and States Steamship Company reflecting any government contractor relationship. However, Avondale has produced testimony by affidavit reflecting that States Steamship Company built boats according to MARAD's C4-S-69b design during 1968 and 1969, when payroll records reflect that Guilbeau worked on the USS MONTANA and USS IDAHO.[15] Avondale also produced Guilbeau's deposition testimony that he understood that he was working on Navy ships being constructed pursuant to a government contract.[16] Accordingly, Avondale has invoked a colorable federal defense.

### 3. The other prongs for federal officer removal are met

In their remand motion, plaintiffs did not address whether Avondale is a "person" within the meaning of the statute, and whether the alleged conduct is connected or associated with an act pursuant to a federal officer's directions. However, it is undisputed that Avondale is a "person" for the purposes of § 1441(a)(1). See Savoie, 817 F.3d at 461 (finding that Avondale is a "person" under the statute because it did government work and stating "the Supreme Court has

---

[13] Rec. Doc. 12- 3, Depo. of Felix Albert;  Rec. Doc. 12-6 Depo. of Edward Blanchard.

[14] Rec. Doc. 12-2, Affidavit of Christopher Herfel.

[15] Rec. Doc. 12-2, Affidavit of Christopher Herfel, ¶ ¶ 14 & 15; Rec. Doc. 7-3.

[16] Rec. Doc. 12-1, Depo. of Kenneth Guilbeau, Sr., p. 75.

long recognized that the removal statute also applies to private persons and corporate entities 'who lawfully assist the federal officer in performance of his duty.' "). Finally, with respect to the connection prong for federal officer removal, the alleged negligence in this case stems from asbestos exposure and is connected to and associated with Avondale's utilization of asbestos in its shipbuilding activities, pursuant to a federal officer's directions.

For all of the foregoing reasons, the court finds that Avondale has established the prerequisites for federal officer removal pursuant to 28 U.S.C. § 1442(a)(1), and accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 7) is **DENIED**.

New Orleans, Louisiana, this  27th  day of May, 2020.


**MARY ANN VIAL LEMMON**

14