UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY ANN BROUSSARD, ET AL | CIVIL ACTION |
| VERSUS | NO: 20-836 |
| HUNTINGTON INGALLS, INC., ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 105) filed by defendant Huntington Ingalls, Inc. in its capacity as successor-in-interest to Standard Paint and Varnish[1] is **GRANTED**, and plaintiff's claims against it relating to Standard Paint and Varnish are **DISMISSED** with prejudice.

## BACKGROUND

Plaintiff, Betty Ann Broussard, was diagnosed with mesothelioma in May 2018. On July 6, 2018, Broussard filed suit in the Civil District Court for the Parish of Orleans, alleging that she was exposed to asbestos through, among other things, laundering the clothes of her ex-husband, Kenneth Guilbeau, Sr., who worked around asbestos dust while employed by several different companies, including Standard Varnish and Paint Company, Inc. ("SVP"). Guilbeau testified that he started working for SVP in 1971 as a maintenance helper. Six months later, he switched to operating a bobcat front-end loader. Six to twelve months after that, he was promoted to plant

---

[1] The motion was originally brought by Huntington Ingalls, Inc. and Albert L. Bossier, Jr., but Bossier has since been dismissed from the suit.

operator, which he described as pushing buttons in a control both. He held this position until 1980, after he no longer lived with Broussard.

Guilbeau testified that he was not aware of having worked around asbestos in any capacity during his time at SVP. The material he does recollect working around is coal slag. While working as a bobcat operator, he did mechanical work on the front end loaders, but it was limited to oil changes and greasing, and he specifically testified that he never did a brake job, which could potentially expose him to asbestos. He testified that while working as a plant operator, he would sometimes assist mechanics during down time, with work that included break jobs. However, he was uncertain what year he first helped work on brakes at the SVP facility, and testified that it could not have been any time prior to 1987. Further, while Guilbeau was certain that on the occasions he worked on his personal vehicles he used Abex brakes, he testified that he did not know the manufacturer or trade name of the brakes he installed on the job.

Broussard testified that she had no knowledge of Guilbeau's working around asbestos at SVP, but that he did report working around "black coal."

Guilbeau and Broussard's son, Edwin Guilbeau, testified that while visiting his father at work at SVP in 1975 when he was around five years old, he saw his father changing brakes on tractor-trailers. Edwin testified that he did not know the makes of the vehicles his father worked on or the brand name or manufacturer of any of the brakes he worked with. He further averred that he had no information whatsoever as to whether the brakes Guilbeau worked with contained asbestos.

2

Broussard died in November 2018, and her children were substituted as plaintiffs in this lawsuit. On March 10, 2020, defendants removed this matter to federal court. The court denied plaintiff's motion to remand, and subsequently, the matter was stayed for six months due to the liquidation of co-defendant Lamorak Insurance Company. Following the lifting of the stay, defendant, Huntington Ingalls, Inc. ("Huntington Ingalls"), successor-in-interest to SVP, has re-urged its motion for summary judgment.

In its motion, Huntington Ingalls argues that plaintiff's evidence is insufficient to establish Guilbeau's exposure to asbestos while working for SVP. Plaintiff opposes, arguing that a genuine issue of material fact exists based on Edwin Guilbeau's testimony that he remembered seeing his father changing brakes in his SVP workplace when he visited him there when he was five years old.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the

3

outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## DISCUSSION

To prevail in an asbestos case under Louisiana law, a plaintiff must establish by a preponderance of the evidence that he was exposed to asbestos and the exposure was a substantial cause of his injury. Rando v. Anco Insulations Inc., 16 So. 3d 1065, 1088 (La. 5/22/09). The plaintiff bears the burden of proof, which can be made by direct or circumstantial evidence. Vodanovich v. A.P. Green Indus., Inc., 869 So.2d 930, 933–34. (La. App. 4 Cir. 3/3/2004). A possibility, or an "unsupported probability," is insufficient to support a judgment in the plaintiff's favor. Id. at 434.

Plaintiff must show "significant exposure" to asbestos-containing products. Lucas v. Hopeman Bros, Inc., 60 So.3d 690, 700 (La. App. 4 Cir. 2/16/2011) . "Exposure" means the

"inhalation of asbestos fibers into the lungs." Abadie v. Metro. Life Ins. Co., 784 So.2d 46, 93 (La. App. 5 Cir. 3/28/2001). "Significant" exposure may be shown by demonstrating that the plaintiff actively worked with asbestos-containing materials. See McAskill v. Am. Marine Holding Co., 9 So.3d 264, 268. (La. App. 4 Cir. 2/20/2008). To defeat summary judgment, the plaintiff must point to specific evidence showing potential exposure to asbestos-containing products in order to create a genuine issue of material fact. See Thibodeaux v. Asbestos Corp., Ltd., 976 So.2d 859, 867 (La. App. 4 Cir. 2/20/2008). Evidence of the mere physical presence of the defendant's asbestos-containing products at the claimant's place of employment will not suffice to establish liability or defeat the defendant's motion for summary judgment. Id.

Once it is established that a plaintiff was exposed to asbestos-containing products, the plaintiff must show that the product was a substantial factor in causing the plaintiff's injury. The causal relationship between asbestos exposure and mesothelioma has been recognized by Louisiana courts. McAskill, 9 So.3d at 268. Any non-trivial exposure to asbestos is deemed a substantial factor and a cause of mesothelioma. Id.

## ANALYSIS

In the present case, Guilbeau testified that he had no recollection of being exposed to asbestos while working at SVP. Broussard likewise testified that she was unaware of Guilbeau being exposed while at SVP.

The only potentially countervailing testimony is that of Guilbeau's son, Edwin. Edwin Guilbeau testified that when he was around five years old, he witnessed Guilbeau changing brakes while visiting him at the SVP job site. Plaintiffs' counsel argues that the brake pads used

5

by SVP "probably contained asbestos," and "ergo" Guilbeau was exposed to asbestos while changing brake pads while employed at SVP.

Even if accepted as true, Edwin Guilbeau's testimony does not create a fact issue sufficient to defeat summary judgment. At best, crediting the 45-year old memory of an individual who was five years old at the time, the testimony establishes that while working at SVP, Guilbeau changed brakes that might have contained asbestos. But to recover, plaintiffs must establish exposure by a preponderance of the evidence. Rando, 16 So. 3d at 1088. A possibility, or an "unsupported probability," is insufficient to support a judgment in the plaintiff's favor. Vodanovich, 869 So.2d at 934. Edwin Guilbeau's testimony establishes no more than the mere possibility of exposure, and it is not sufficient to defeat summary judgment. Because the court finds that exposure is not sufficiently established, it does not reach the question whether exposure was substantial. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment** (Rec. Doc. 105) filed by defendant Huntington Ingalls, Inc. in its capacity as successor-in-interest to Standard Paint and Varnish is **GRANTED**, and plaintiff's claims against it relating to Standard Paint and Varnish are **DISMISSED** with prejudice.

New Orleans, Louisiana, this 22nd day of November, 2021.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE