UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY ANN BROUSSARD, ET AL | CIVIL ACTION |
| VERSUS | NO: 20-836 |
| HUNTINGTON INGALLS, INC., ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 113) filed by defendant General Electric Company, Inc. is **GRANTED** and plaintiffs' claims against General Electric Company are **DISMISSED with prejudice;**

**IT IS FURTHER ORDERED** the **Motion for Summary Judgment** (Rec. Doc. 108) filed by third-party defendant Uniroyal, Inc. is **DENIED.**

## BACKGROUND

Plaintiff, Betty Ann Broussard, was diagnosed with mesothelioma in May 2018. On July 6, 2018, Broussard filed suit against Huntington Ingalls, Inc.[1] and other defendants, in the Civil District Court for the Parish of Orleans. Broussard alleged that she was exposed to asbestos through, among other things, laundering the clothes of her ex-husband, Kenneth Guilbeau, Sr., who worked around asbestos dust while employed at Avondale Shipyards ("Avondale") during

---

[1] Huntington Ingalls, Inc., f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a/ Northrop Grumman Ship Systems, Inc., f/k/a/ Avondale Industries, Inc., and f//k/a Avondale Shipyards, Inc.

their marriage. Subsequently, Huntington Ingalls, Inc. filed third party claims against General Electric Co. ("GE") and Uniroyal, Inc. ("Uniroyal) seeking virile share contributions for any amounts owed due to Broussard's alleged asbestos exposures from Guilbeau's employment at Avondale.

Broussard died in November 2018, and her children were substituted as plaintiffs in this case. On March 10, 2020, defendants removed this matter to federal court. Plaintiffs filed a Fourth Amended Complaint in which, inter alia, they named General Electric as a direct defendant. Plaintiffs filed a motion to remand, which the court denied, and subsequently, the matter was stayed for six months due to the liquidation of Huntingon Ingalls, Inc.'s insurer, Lamorak Insurance Company. Following the lifting of the stay, GE and Uniroyal have re-urged their motions for summary judgment.

GE argues that plaintiffs have put forth no evidence that Betty Broussard was exposed to asbestos attributable to GE. Plaintiffs argue that the evidence in this case that Guilbeau worked around asbestos-containing GE turbines while at Avondale is sufficient to create a fact issue preventing summary judgment.

Uniroyal argues that Avondale cannot prove Betty Broussard was exposed to a Uniroyal product, because it was not the sole supplier of asbestos cloth to Avondale. Plaintiffs argue that genuine issues of material fact exist as to whether Betty Broussard was exposed to asbestos from Uniroyal products, and whether such exposures were a substantial contributing cause of her mesothelioma.

Guilbeau testified in his 2003 deposition that he was employed as a pipe fitter's helper for

2

a period of eight months to a year during 1970 and 1971. In that role, he would go and get things for the pipe fitter to which he was assigned. Guilbeau stated that he worked around people insulating the pipes, although he did not fit pipe, insulate pipe, or cut gaskets. He did not recall if he tore off insulation material for pipes, or if he handled asbestos-containing materials, but stated that he may have done so.

During his stint at Avondale, Guilbeau worked in the vicinity of turbines made by GE and Westinghouse in the Avondale yard for a total of one to two hours over the entire course of his employment. He did not work on the turbines. At the time he was working near the turbines, contractors were working on them, but Guilbeau did not know what the contractors were doing.

Also during his employment at Avondale, Guilbeau worked for a total of approximately two to three hours in the vicinity of turbines on ships, while the turbines were being installed. He did not know who manufactured the turbines being installed on the ships.

Asbestos cloth was used to insulate steam pipes on the ships built by Avondale. Uniroyal was a manufacturer of asbestos cloth, which was distributed by Reilly-Benton. Seventy-five to ninety percent of all asbestos cloth distributed by Reilly-Benton went to Avondale, including all of the Uniroyal cloth sourced by Reilly-Benton. Uniroyal's corporate representative acknowledged that cutting the cloth released asbestos, and asbestos powder was released when the cloth was touched. While Uniroyal cloth was not used exclusively, Avondale employee Kevin Cortez testified that he routinely saw it used, and that when he worked in the insulation department, most of the rolls of asbestos cloth had Uniroyal tags attached to them. Michael Comardelle testified that Uniroyal cloth was used "a good bit." Avondale employee Joseph

3

Granier, who worked as an insulator, testified that he did not recall seeing any other brands of asbestos cloth other than Uniroyal.

Plaintiffs' expert pathologist, Dr. Richard Kradin, testified that workers in the presence of insulators during the application of asbestos cloth would have their clothes contaminated with asbestos fibers that would then be brought home. He further opined that considering Guilbeau's testimony that he worked in engine rooms as insulators were doing their work, if the insulators were installing asbestos cloth, Broussard would be exposed to asbestos from Guilbeau's clothes when laudering them, and that the exposure was a significant contributing factor in causing her mesothelioma.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## DISCUSSION

To prevail in an asbestos case under Louisiana law, a plaintiff must establish by a preponderance of the evidence that he was exposed to asbestos and the exposure was a substantial cause of his injury. Rando v. Anco Insulations Inc., 16 So. 3d 1065, 1088 (La. 5/22/09). The plaintiff bears the burden of proof, which can be made by direct or circumstantial evidence. Vodanovich v. A.P. Green Indus., Inc., 869 So.2d 930, 933–34. (La. App. 4 Cir. 3/3/2004). A possibility, or an "unsupported probability," is insufficient to support a judgment in the plaintiff's favor. Id. at 434.

Plaintiff must show "significant exposure" to asbestos-containing products. Lucas v. Hopeman Bros, Inc., 60 So.3d 690, 700 (La. App. 4 Cir. 2/16/2011) . "Exposure" means the "inhalation of asbestos fibers into the lungs." Abadie v. Metro. Life Ins. Co., 784 So.2d 46, 93 (La. App. 5 Cir. 3/28/2001). "Significant" exposure may be shown by demonstrating that the

5

plaintiff actively worked with asbestos-containing materials. See <u>McAskill v. Am. Marine Holding Co.</u>, 9 So.3d 264, 268. (La. App. 4 Cir. 2/20/2008). To defeat summary judgment, the plaintiff must point to specific evidence showing potential exposure to asbestos-containing products in order to create a genuine issue of material fact. See <u>Thibodeaux v. Asbestos Corp., Ltd.</u>, 976 So.2d 859, 867 (La. App. 4 Cir. 2/20/2008). Evidence of the mere physical presence of the defendant's asbestos-containing products at the claimant's place of employment will not suffice to establish liability or defeat the defendant's motion for summary judgment. <u>Id.</u>

Once it is established that a plaintiff was exposed to asbestos-containing products, the plaintiff must show that the product was a substantial factor in causing the plaintiff's injury. The causal relationship between asbestos exposure and mesothelioma has been recognized by Louisiana courts. <u>McAskill</u>, 9 So.3d at 268. Any non-trivial exposure to asbestos is deemed a substantial factor and a cause of mesothelioma. <u>Id.</u>

## ANALYSIS

### *G.E.'s Motion*

In this case, Guilbeau testified that he had no specific recollection of handling asbestos containing materials attributable to GE during his employment as a pipe fitter's helper. Accordingly, the question before the court is whether there is sufficient circumstantial evidence to create a fact issue as to whether Guilbeau was exposed to asbestos by GE as plaintiffs allege, and that the exposure was a substantial factor in causing Broussard's injury.

GE acknowledges that during the relevant time period, it manufactured turbines that were installed on ships built at Avondale, including the States Lines vessels SS MONTANA and SS

IDAHO, upon which Guilbeau worked. Because the turbines can reach temperatures as high as 875 degrees Fahrenheit, insulating them was necessary. It is undisputed that for GE turbines, asbestos-containing materials were used to insulate them, in a process overseen by GE "installation engineers." Testimony of other Avondale employees who worked at Avondale during the relevant time period (although they did not work with Guilbeau and were never present while he was working), establishes that the insulation process created dust.

Plaintiffs contend that because GE's products were present in the workplace and Guilbeau worked near them, it is likely that he was exposed. However, "[a] plaintiff must establish his claim to a reasonable certainty, [sic] mere possibility, and even unsupported probability, are not sufficient to support a judgment in the plaintiffs' favor." Vodanovich, 869 So.2d at 933–34. While the evidence places Guilbeau at a worksite with asbestos-containing products manufactured by multiple vendors including GE, it does not specifically place him around asbestos fibers from the GE turbines. To succeed in their claims, plaintiffs must show that in the three to five hours total in which Guilbeau worked near turbines, that at least one was a GE turbine and that it was being insulated.

The evidence presented is that during the entire course of his employment, Guilbeau worked for a maximum of five hours in the vicinity of what might have been GE turbines. There is no evidence that the turbines were being insulated during those five hours. The fact that Guilbeau stated he did not know what the contractors were doing to the turbines on the occasions he worked nearby, suggests otherwise. Presumably, as a pipe fitter's helper, he would recognize if the contractors were insulating the turbines.

7

This evidence is insufficient to place Guilbeau around asbestos fibers emanating from a GE product that he could have transported home to Broussard. Accordingly, summary judgment in favor of GE is appropriate. Because the court finds that exposure is not sufficiently established, it does not reach the question whether exposure was substantial.

***Uniroyal's Motion***

Uniroyal has moved for summary judgment seeking dismissal of Avondale's third-party claim, arguing that Avondale cannot prove Betty Broussard was exposed to a Uniroyal product, because it was not the sole supplier of asbestos cloth to Avondale.

The evidence submitted reflects that asbestos cloth manufactured by Uniroyal was regularly and frequently used in the environment in which Guilbeau worked. Guilbeau testified that he worked near insulators while they were insulating pipe. And while admittedly, Uniroyal was not the exclusive supplier of the asbestos cloth used for insulation, they provided the cloth in such quantities that employees described its use as routine, and in one case could not recall seeing any other brand. The court finds that this evidence creates a fact issue as to whether Guilbeau was exposed to asbestos from a Uniroyal product, which he transported to his home on his clothing.

Broussard laundered all of Guilbeau's work clothes during the relevant time period. Thus, if she was exposed to asbestos from laundering clothes, a reasonable jury could infer that some dust came from Uniroyal asbestos cloth. Further, the expert pathologist's testimony is that such an exposure would substantially contribute to Broussard's mesothelioma. The court therefore finds that plaintiff has pointed to evidence that creates a fact issue on the question of whether

8

Uniroyal's product caused plaintiffs' injuries. Summary judgment in Uniroyal's favor is inappropriate. Accordingly,

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 113) filed by third-party defendant General Electric Company, Inc. is **GRANTED** and plaintiffs' claims against General Electric Company are **DISMISSED with prejudice;**

**IT IS FURTHER ORDERED** the **Motion for Summary Judgment** (Rec. Doc. 108) filed by third-party defendant Uniroyal, Inc. is **DENIED.**

New Orleans, Louisiana, this 22nd day of November, 2021.

MARY ANN VIAL LEMMON
**UNITED STATES DISTRICT JUDGE**