UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BETTY ANN BROUSSARD, ET AL      CIVIL ACTION

VERSUS      NO: 20-836

HUNTINGTON INGALLS, INC., ET AL      SECTION: "S" (5)

## ORDER AND REASONS

IT IS HEREBY ORDERED that plaintiff's **Rule 56 Motion Regarding Avondale Interests'[1] Government Immunity Defense** (Rec. Doc. 110) is **GRANTED** in part, insofar as Avondale may not avail itself of the government contractor defense for plaintiffs' state law failure-to-warn claims. In all other respects, it is **DENIED**.

## BACKGROUND

Plaintiff, Betty Ann Broussard, was diagnosed with mesothelioma in May 2018. On July 6, 2018, Broussard filed suit in the Civil District Court for the Parish of Orleans, alleging that she was exposed to asbestos through, inter alia, laundering the clothes of her ex-husband, Kenneth Guilbeau, Sr., who worked around asbestos dust while employed by several different companies, including Avondale Shipyard. Broussard asserts claims against Avondale in its capacity as an

---

[1] "Avondale Interests" refers to Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) as well as its insurer, Lamorak Insurance Company. Initially the Avondale Interests also included Albert L. Bossier, Jr., but he has since been dismissed from this suit. For convenience, the Avondale Interests are referred to as "Avondale" throughout.

employer and premises owner for negligence, alleging among other things that it failed to provide her or her husband with warnings of hazardous conditions at Avondale relating to asbestos-containing materials.

Broussard died on November 25, 2018, and her children, Elizabeth and Edward Guilbeau, were substituted as plaintiffs in this case.

Avondale successfully defeated plaintiffs' remand motion by establishing that it had a colorable government contractor defense, which entitled it to remove under the federal officers removal statute, 28 U.S.C. § 1442. Now, plaintiffs seek partial summary judgment regarding Avondale's government contractor defense, seeking a ruling that Avondale is not immune from plaintiffs' state law claims for failing to warn its employees of the dangers of asbestos, or from taking precautions to prevent the spread of asbestos dust from the shipyard.

Avondale opposes the motion, arguing that because the work that resulted in Guilbeau's exposure was done pursuant to a Navy contract that required the use of asbestos-containing materials, it is entitled to government contractor immunity.

## DISCUSSION

### *Legal Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any

2

material fact that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 477 U.S. 242 (1986).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## DISCUSSION

*Applicable Law*

In Boyle v. United States, the Supreme Court of the United States established the contours of the government contractor defense, which provides government contractors immunity from civil liability arising out of the performance of federal procurement contracts. Boyle v. United Techs. Corp., 487 U.S. 500, 505-06 (1988). The government contractor defense

"is a federal common law doctrine whereby state law is preempted in certain situations because it presents a 'significant conflict' with identifiable federal interests." Bailey v. McDonnell Douglas Corp., 989 F.2d 794, 798 (5th Cir. 1993) (citing Boyle, 487 U.S. at 507). "Specifically, it is designed to protect the exercise of discretion by government officers in 'the selection of the appropriate design for military equipment to be used by our Armed Forces.'" Id. (quoting Boyle, 487 U.S. at 511).

The defense is derived from the immunity enjoyed by the United States "from claims based on the performance of so-called 'discretionary functions', pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(a)." Id. at 797-98 (citing Boyle, 487 U.S. at 511). "The rationale behind the defense is that, in its absence, the financial burden of liability judgments against government contractors ultimately would be passed through to the United States." Id. (citing Boyle, 487 U.S. at 511–12). While Boyle addressed a design defect case, the defense has been found potentially available in failure-to-warn claims. See, e.g., Jowers v. Lincoln Elec. Co., 617 F.3d 346 (5th Cir. 2010).

Adapting the test set forth in Boyle for government contractor immunity in the design defect context to situations in which the claims are premised on a failure to warn, the Fifth Circuit has held:

> The government contractor defense preempts state law and provides a total bar to liability in a failure-to-warn case if a defendant establishes three elements: (1) the federal government exercised discretion and approved warnings for the product; (2) the warnings the defendant provided about the product conformed to the federal government specification; and (3) the defendant warned the federal government about dangers known to the defendant but not the government.

Id. at 352 (5th Cir. 2010) (citing Boyle, 487 U.S. 500, 512 (1988)). Thus, to avoid liability in a failure-to-warn case, the defendant must "establish[] that the federal government was involved in the decision to give (or not to give) a warning and that the defendant complied with the federal government's provisions", because in that case "there necessarily exists a conflict between state law and federal policy in this area." Id. at 353. Such a conflict would provide a basis for preemption of the state law requirements, and the application of the government contractor defense.

### *Application of Law to Facts of Case*

In the present case, Avondale has submitted affidavits and deposition testimony reflecting that in the contracts in question, the Navy imposed upon Avondale mandatory terms, conditions, and specifications. The design specifications incorporated into the contracts mandated the use of asbestos-containing materials, and Avondale built the vessels using asbestos-containing materials. Federal inspectors oversaw the handling of construction materials and monitored the care of those products at Avondale until they were installed on the vessels, and inspectors from the Coast Guard and the Navy oversaw and monitored the construction of the vessels on a day-to-day and job-specific basis. Avondale was required to provide the federal inspectors with office space and other facilities within the shipyard. The evidence submitted by Avondale reflects that the shipbuilding process, including the use and application of asbestos-containing materials, was monitored and controlled by Navy and Coast Guard inspectors and other representatives of the United States government.

What the evidence does not show is that the Navy or Coast Guard weighed in at all on the

question of warnings by Avondale to its employees. While there is evidence and argument that the Navy specifications incorporated then-prevailing safety standards, there is no evidence that Avondale was instructed on whether or how to warn its employees of the potential hazards of asbestos exposure. There is no evidence that the contracts constrained Avondale in any way from issuing warnings to its employees, or implementing its own protocols to prevent contamination by asbestos. Simply put, issuing a warning would not have required a departure from the government's specifications. Thus, there is no evidence that any government discretion was exercised in connection with warnings by Avondale to its employees, and it appears that nothing prevented Avondale from satisfying the terms of its Navy contracts and meeting its obligations under Louisiana law, without doing violence to either.

Avondale's argument that the failure-to-warn cases cited by plaintiffs are inapposite because they pre-date the Fifth Circuit's ruling in Latiolais v. Huntington Ingalls, Inc., 951 F.3d 286 (5th Cir. 2020), is not persuasive. Latiolais interpreted the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), particularly the 2011 amendments that made removal available for federal officers for a civil action against a federal officer or agency "for or relating to any act under color of such office." Prior to Latiolais, the Fifth Circuit had imposed a "causal nexus" requirement, whereby a plaintiff's claims must have had a direct causal nexus to the defendant's actions taken under color of the defendant's federal office to be removable. In numerous asbestos cases, district courts found that there was no direct causal nexus between a plaintiff's claims for failure to warn under state law, and the actions undertaken by a federal defendant under color of office. However, Latiolais emphasized that the removal statute itself did not impose such a

6

requirement, and by its terms applied to any case *relating to* such acts. Id. at 291. Thus, the fact that certain failure-to-warn claims did not have a direct causal nexus to government action did not make them unremovable.

However, that finding is not at odds with the court's conclusions herein, because the present case presents a different question than that addressed by Latiolais. It does not ask whether the failure-to-warn claim herein can be considered "related to" the government's activities at Avondale; it asks whether the federal government was involved in the decision to give (or not to give) a warning to Avondale employees. As the party raising the defense, the burden lies with Avondale to point to evidence that that occurred. It has not done so. Accordingly, the court finds that there is no basis for government contractor immunity to extend to Avondale for plaintiffs' failure-to-warn claims.

Notwithstanding this conclusion, some of plaintiffs' allegations of negligence against all defendants do stem from activities that appear to have been overseen by the Navy, including harms from the use and storage of hazardous materials. For this reason, plaintiffs' motion is granted in part, and the court's holding is limited to plaintiffs' state law claims for failure to warn. In all other respects it is denied. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Rule 56 Motion Regarding Avondale Interests' Government Immunity Defense** (Rec. Doc. 110) is **GRANTED** in part, insofar as Avondale may not avail itself of the government contractor defense for plaintiffs' state law

failure-to-warn claims; in all other respects, it is **DENIED**.

New Orleans, Louisiana, this 22nd day of November, 2021.

MARY ANN VIAL LEMMON
**UNITED STATES DISTRICT JUDGE**