UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY ANN BROUSSARD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-836** |
| **HUNTINGTON INGALLS, INC., ET AL** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Emergency Motion to Remand** filed by plaintiffs (Rec. Doc. 223) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

### BACKGROUND

After pending in state court for approximately two years, this matter was removed to this court by defendants Huntington Ingalls, Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively, "Avondale Interests") based on 28 U.S.C. § 1442 and the assertion that at all material times, the Avondale Interests were acting under an officer of the United States. The Avondale Interests have all been dismissed, and diversity is lacking among the remaining defendants.

Plaintiffs have moved to remand, arguing that the court is now deprived of subject matter jurisdiction. Defendant, Pneumo Abex, LLC opposes, arguing that the propriety of remand is based on the record at the time of removal, removal was proper at that point in time, and notwithstanding the dismissal of the defendants providing a basis for federal jurisdiction, the

court should exercise its supplemental jurisdiction over this matter. Plaintiffs counter that the factors considered in connection with the exercise of supplemental jurisdiction favor remand, and emphasize that plaintiffs should be masters of their claims.

## DISCUSSION

The remaining claims in this matter are state law tort claims involving non-diverse parties. In the Fifth Circuit, the " 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial" though "this rule is neither mandatory nor absolute." Batiste v. Island Recs. Inc., 179 F.3d 217, 227 (5th Cir. 1999). When deciding whether to retain jurisdiction, a court should "consider both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity...." Id. Section 1367(c) provides that a district court may decline to exercise supplemental jurisdiction if:

> (1) a claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; and (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In this case, both section 1367(c)(2) and (3) apply. All claims in this case arise under state law, and the defendants providing the basis for federal jurisdiction have been dismissed. Further, this matter has pended on both the state and federal dockets for two years each, making the judicial economy factor non-dispositive. Convenience is not a factor considering the proximity of the courts. Comity weighs in favor of this state law tort being resolved in state court. And the well-established rule that "the plaintiff [is] the master of the claim," supports the conclusion that

fairness militates in favor of remand. See Quinn v. Guerrero, 863 F.3d 353, 359 (5th Cir. 2017). The court therefore declines to exercise supplemental jurisdiction over this matter, and accordingly,

**IT IS HEREBY ORDERED** that the **Emergency Motion to Remand** filed by plaintiffs (Rec. Doc. 223) is **GRANTED**, and this matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  7th  day of March, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**